**SUPREME OPTICAL COMPANY, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.***

No. 78–1259.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 18, 1980.

Decided Oct. 27, 1980.

sheets at this citation (628 F.2d 1262), was withdrawn from the bound volume because rehearing is pending.

William F. Ford, Michael H. Campbell, Ford, Harrison, Sullivan & Lowry, Ronald C. Henson, Atlanta, Ga., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Janet C. McCaa, Corinna Metcalf, N. L. R. B., Washington, D. C., for respondent.

Before BOYCE F. MARTIN, Jr., and JONES, Circuit Judges, and DUNCAN, District Judge.*

PER CURIAM.

This case is before the Court on Petition for Review and Cross–Application for Enforcement of an Order of the National Labor Relations Board, 235 N.L.R.B. No. 193, dated May 5, 1978. In its Decision and Order, the Board held that in attending an unemployment compensation hearing at the request of a former employee, five of the Company's employees were engaged in concerted activity protected by the National Labor Relations Act, as amended. Consequently the Board held the Company violated Section 8(a)(1) of the Act by discharging those employees because of their actions.

The Board, in the course of its Decision, also found that David Carlton was a supervisor within the meaning of Section 2(11) of the Act, and that he had given the employees in question permission to leave work to attend the hearing. Had the employees not had permission, the Board indicated, the same result might not necessarily have been reached, since in that case it would have been necessary to balance the employees'

interest in engaging in the activity against the Company's interest in efficient operation of its business.

The Company contends that the Board erred as a matter of law in holding the employees' attendance at an unemployment compensation hearing protected under the Act.

The Board urges us to follow the decision in *Painter Tool, Inc.*, 235 N.L.R.B. 1468 (1979), *aff'd without opinion*, 103 LRRM 2603 (3rd Cir. 1979), holding attendance by employees at a compensation hearing protected activity under Section 7 of the National Labor Relations Act. We held in *Vic Tanny International, Inc. v. N.L.R.B.*, 622 F.2d 237 (6th Cir. 1980), that Section 7 of the Act was intended to protect not only concerted activity of union members but also concerted activity of the same nature engaged in by unorganized employees.

The Administrative Law Judge found that permission to attend the hearing was granted the employees by a supervisor and attendance at the hearing in this case amounted to protected concerted activity.

While we agree with the Administrative Law Judge that there is a connection between unemployment compensation and employee wages and working conditions, we do not believe that the attendance at an unemployment compensation hearing is always protected activity. We hold here that the employees' attendance at an unemployment compensation hearing had a sufficiently close nexus to the terms and conditions of employment to be "protected concerted activity." The circumstances of the termination of a particular employee potentially affects the relationship between all employees and their employer. It is reasonable for employees to be concerned about the consequences of their possible termination. Two factors militate in favor of such a finding in the instant case. First, the employees were given permission, thus placing no burden upon the employer. Second, the Administrative Law Judge found that

* Honorable Robert M. Duncan, United States District Court for the Southern District of Ohio, sitting by designation.

the Company's rationale for discharge was pretextual. The employer is not entitled to permit union members to engage in protected activity and then penalize employees for doing so. Thus, if an employee is given time off in order to attend a union meeting, the employer cannot fire the employees because they were not at work. We believe there is substantial evidence on the whole record to support the Board's conclusions.

The order of the Board will be ENFORCED.